UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND,<br>1750 New York Avenue, NW<br>Washington, DC 20006<br><br>and<br><br>JOHN KERR,<br>Ohio Valley Steel Company<br>1721 Wetzel Street<br>Post Office Box 911<br>Wheeling, WV 26003<br><br>and<br><br>ANTHONY WALENCIK,<br>International Association of Iron Workers<br>1750 New York Avenue, N.W. Suite 400<br>Washington, D.C. 20006-5301<br><br>and<br><br>JAMES R. KING,<br>3708 46th Avenue, South<br>Minneapolis, MN 55406<br><br>and<br><br>TIMOTHY F. O'CONNELL,<br>The Bilco Company<br>Post Office Box 1203<br>New Haven, CT 06505<br><br>and<br><br>RONALD T. BRUCE,<br>Builders Steel Company<br>Box #12538<br>Kansas City, MO 64116<br><br>      Plaintiffs,<br><br>    v. | Civil Action No. _____ |

```
FULFAB, INC.                          )
    1525 Whipple Avenue S.W.          )
    Canton, Ohio 44710                )
                                      )
                                      )
              Defendant.              )
                                      )
Serve: Jeffrey B. Plum, President     )
       Fulfab, Inc.                   )
       1525 Whipple Avenue S.W.       )
       Canton, Ohio 44710             )
_____)
```

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Defendant as follows:

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act (29 U.S.C. §185), and Sections 502 and 515 of the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §1132 and §1145) and 28 U.S.C. §1331.

2. Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. §186(c)). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Plaintiffs Kerr, Walencik, King, O'Connell, and Bruce Rosaci are Trustees of the Fund. The Fund is administered in the District of Columbia.

3. Defendant, Fulfab, Inc., is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting

2

commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). The address of Defendant's principal place of business is 1525 Whipple Avenue S.W., Canton, Ohio 44710.

4.      At all times material to this Complaint, Defendant and Shopmen's Local Union No. 468, ("Local 468") of the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers (affiliated with AFL-CIO), hereinafter referred to as the "Union," were parties to and bound by a collective bargaining agreement. Section 14A of the collective bargaining agreement states:

> NATIONAL SHOPMEN PENSION FUND
>
> (A)     The "Company" and the "Union" signatory to this Collective Bargaining Agreement individually and collectively agree that each will remain a party to the NATIONAL SHOPMEN PENSION FUND (hereinafter referred to as the "Pension Fund") and each agrees to remain a party to the "Agreement and Declaration of Trust" dated the 20th day of March, 1969, under which said "Pension Fund" was established; and each further agrees to remain a party to the said "Pension Fund" for the duration of this Collective Bargaining Agreement, including any renewals or extensions thereof. Said NATIONAL SHOPMEN PENSION FUND and said "Agreement and Declaration of Trust" shall be considered as being a part of this Collective Bargaining Agreement as though set forth herein at length.
>
> . . .
>
> (D)     Commencing on the 20th day of February, 2002, and for the duration of this Collective Bargaining Agreement, including any renewals or extensions thereof, the "Company" agrees that for each hour of pay paid to each employee, to whom this Agreement is applicable, for any reason provided for in this Collective Bargaining Agreement, it will pay to said NATIONAL SHOPMEN PENSION FUND the sum of one dollar and thirty-five cents ($1.35) per hour.
>
> . . .
>
> (E)     Payments by the "Company" to said "Pension Fund", as provided for in the preceding Subsection, shall be transmitted by the "Company" to the Trustees of said "Pension Fund" not later

than the 15th day of each month for the preceding month. Failure of the "Company" to make such monthly payments by the above-stated date shall constitute a breach of this Agreement and notwithstanding any other provision contained in this Agreement, the "Union" shall have the right to remove its members from the plant or plants of the "Company" covered by this agreement until such time as the "Company" does transmit such payments to said Trustees; and for each regular work hour an employee does not work as a result thereof, such employee shall be paid his or her regular straight-time hourly rate.

5. ERISA Section 502(g)(2) provides as follows:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of:

　　(i) interest on the unpaid contributions, or

　　(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

6. Defendant agreed to be bound by the Agreement and Declaration of Trust (the "Trust Agreement") under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. Article IX Section 5 of the Trust Agreement provides for interest on delinquent contributions at the rate charged at that time by the Pension Benefits Guarantee Corporation for late premium payments (currently 8% per annum), and for liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

7. During the period relevant to this Complaint, Defendant has employed employees who are covered by the collective bargaining agreement between it and the Union but has failed and refused to make the total required monthly pension contributions for such employees to the Fund or to submit as required complete and accurate monthly remittance reports to the Fund.

8. Pursuant to the provisions of Article IX Section 4 of the Trust Agreement Agreements, the Fund's auditors conducted a review of Defendant's payroll records for the period January 1, 2004 through December 31, 2004, to determine if Defendant had paid the Fund all of the contributions required under the Collective Bargaining Agreement for those months.

9. The payroll review revealed that Defendant underpaid the required amount of monthly contributions due to the Fund during the aforementioned period.

10. Defendant owes contributions in the amount of $2,018.35 for the payroll audit period of January 1, 2004 through December 31, 2004.

11. Defendant is bound by the Fund's Statement of Policy for Collection of Delinquent Contributions ("Policy") adopted by them pursuant to their authority the Trust Agreement.

12. Pursuant to the Policy, Defendant is liable to the Fund for the costs of the payroll review in the amount of $1,401.25.

13. Defendant is liable for the full amount of delinquent monthly contributions as set out in paragraph 10 above, interest on each delinquent monthly contribution amount at the rate charged by the Pension Benefits Guarantee Corporation for late premium payments, liquidated damages for each delinquent monthly contribution in an amount equal to the greater of interest accrued on that monthly contribution or 20% of the contribution, as well as all expenses of collection or suit incurred by the Trustees, including reasonable attorneys' fees.

14. In addition, the Fund, the accounting firm that on the Fund's behalf performs the audits of employers, and Plaintiffs' counsel have demanded payment of the delinquent contributions, but the Defendant has not responded.

WHEREFORE, Plaintiffs pray for the following relief:

(a) A judgment in the full amount of contributions owed by Defendant to Plaintiffs, as set out in paragraph 10 above, and through the date of judgment herein;

(b) Interest on the amount of all delinquent contributions due during the period January 1, 2004 through December 31, 2004, accrued from the date upon which each monthly contribution was due until the date of judgment herein at the rate charged by the Pension

Benefits Guarantee Corporation for late premium payments at the time a given monthly contribution became delinquent;

(c) Liquidated damages for all delinquent contributions due for the period January 1, 2004 through December 31, 2004, and through the date of judgment herein, in an amount equal to the greater of interest accrued on a given delinquent monthly contribution or 20% of the contribution;

(d) An award of attorneys' fees and costs of collection, including any audit costs, incurred in connection with the collection of the delinquent contributions;

(e) The cost of the payroll audit in the amount of $1,401.25;

(f) An order enjoining Defendant from thereafter failing to timely furnish Plaintiffs with remittance reports as required by the Fund;

(g) An order permanently enjoining Defendant from incurring any further delinquency to Plaintiff Fund under the terms of the Agreement and Declaration of Trust of the Fund and the collective bargaining agreement between Defendant and Local 468;

(h) Such other and further relief as the Court deems just and equitable.

Dated: 4/6/08

Respectfully submitted,

Marc H. Rifkind, Esq. (D.C. Bar No. 416183)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Counsel for Plaintiffs

102211v1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

K 08-616 RJL

## I (a) PLAINTIFFS

National Shopmen Pension Fund, et al.

## DEFENDANTS

Fulfab, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Marc Rifkind, Esq.
Slevin & Hart P.C.
1625 Massachusetts Ave. NW, Ste. 450
Washington, DC 20036 (202) 797-8700

Case: 1:08-cv-00616
Assigned To : Leon, Richard J.
Assign. Date : 4/9/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ⊗ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 et.seq (1982); Monies Due and Injunctive Relief

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  JURY DEMAND: YES ☐  NO ☒  Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 4/8/08   SIGNATURE OF ATTORNEY OF RECORD _____

9

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.